STATE OF NORTH CAROLINA v. ROBERT LEE COLLINS

No. 8320SC651

(Filed 7 February 1984)

**Assault and Battery § 14.6— three charges of assault on law officer—sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury on three separate charges of assault on a law enforcement officer with a deadly weapon

where it tended to show that three law officers approached defendant's residence as a group and that defendant opened the door of his residence and shot his rifle toward the group, narrowly missing the officer closest to defendant.

APPEAL by defendant from *Seay, Judge*. Judgment entered 15 February 1983 in Superior Court, RICHMOND County. Heard in the Court of Appeals 17 January 1984.

The facts pertinent to this appeal are as follows: On the morning of 7 November 1982, three members of the Richmond County Sheriff's Department arrived at defendant's residence in order to serve an arrest warrant on defendant. As the three officers approached the front porch of the residence, defendant pushed the door open with a rifle. Defendant fired at the officer leading the group, grazing the officer's hairline. The three officers obtained cover, returned fire, and shortly thereafter apprehended defendant.

Defendant was charged in three separate bills of indictment with assault on a law enforcement officer with a firearm. The charges were consolidated for trial. From the jury's verdict of guilty on each charge, defendant appeals.

*Attorney General Rufus L. Edmisten by Assistant Attorney General William F. Briley for the State.*

*George E. Crump, III, for defendant appellant.*

HILL, Judge.

The dispositive issue on appeal is whether the evidence was sufficient as a matter of law to support the court's submission of the case to the jury on the separate charges against the defendant of assault on a law enforcement officer with a deadly weapon. We conclude that there was sufficient evidence for a jury to find defendant guilty of assault on each law enforcement officer, and therefore, we affirm the trial court's judgment.

Defendant contends that the evidence at most raises a reasonable inference of an assault on only the officer defendant fired at. "The rules of law in respect to assaults are plain, but their application to the facts is sometimes fraught with difficulty. Each case must depend upon its own peculiar circumstances." *State v.*

*Allen*, 245 N.C. 185, 189, 95 S.E. 2d 526, 528 (1956). The circumstances of this case, briefly stated in a light most favorable to the State, involve three law enforcement officers approaching defendant's residence as a group. Defendant opened the door and shot his rifle toward the group, narrowly missing the officer closest to defendant.

Such circumstances are sufficient to make out a case of an assault. Defendant's actions clearly manifest a show of violence causing "the reasonable apprehension of immediate bodily harm," *State v. Ingram*, 237 N.C. 197, 201, 74 S.E. 2d 532, 535 (1953), whereby another (in this case all three officers) is put in fear, and thereby forced to leave a place where he has a right to be. *State v. McIver*, 231 N.C. 313, 56 S.E. 2d 604 (1949).

The trial court correctly submitted the charges against the defendant of assault to the jury. In the trial below we find

No error.

Judges HEDRICK and EAGLES concur.